[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case raises a fundamental question concerning the provisions of Conn. Gen. Stat. 49-31d, et seq. (the "mortgage foreclosure protection act"), which allows the court CT Page 1416 to "restructure" the mortgage debts of certain unemployed and underemployed persons. When a mortgage debt, subject to an existing arrearage, is "restructured," must it be restructured by an increase in the monthly payments or may it be restructured by adding what is, in effect, a balloon payment at the end of the loan? For the reasons that follow, I conclude that the monthly payments must be increased.
This is a foreclosure action arising from a mortgage on a residential property. On June 14, 1990, the defendants filed an application for protection from foreclosure pursuant to the act. On March 11, 1991, the Hon. Robert McWeeny granted the action and issued the following order:
 Mortgage debt ordered restructured. Restructuring period of 3 months until 6/10/91.
 Restructured mortgage debt will include existing principal balance, all interest due and interest earned through 6/10/91, court costs, appraisal fee of $450, legal fee of $600 [, and] any real estate taxes advanced and mortgage insurance premiums. Restructured debt subject to original mortgage interest rate for balance of mortgage term.
The implementation of this order has not proven to be an easy matter. On October 7, 1991, the plaintiff filed a motion requesting "further instructions as to the restructured debt." Judge McWeeny had by this time been transferred to another judicial district, and on November 4, 1991, the Hon. Howard Zoarski ordered the parties to file briefs. Judge Zoarski was subsequently transferred to another judicial district as well, and on January 21, 1992, the parties argued the motion before me.
The defendant Maureen Crotty (the defendant Robert Crotty, her husband, has died during the course of this litigation) argues that "the interest earned through 6/1/91, court costs, appraisal fee of $450.00 [,] legal fee of $600.00, and real estate taxes, including insurance advanced, should be added to the principal balance due." This arrearage and costs, in her view, "should be paid when the balance of all principal and interest are due on 6/1/2019." No authority is cited for this proposition, and the plaintiff asserts that none exists. Although the plaintiff claims that the restructuring proposed by the defendant would amount to an impairment of the obligation of contract in violation of U.S. Const. Art. I, 10, this argument CT Page 1417 is of questionable force in light of Home Building Loan Ass'n. v. Blaisdell 290 U.S. 398 (1934). The real question before the court is what the provisions of the mortgage foreclosure protection act command.
Conn. Gen. Stat. 49-31g(b) provides that if the court determines that an unemployed homeowner is eligible for protection under the act, it "shall order the restructuring of the mortgage debt to eliminate any arrearage in payments on the mortgage debt and shall order a restructuring period not to exceed six months." Conn. Gen. Stat 49-31d(3) defines "restructured mortgage debt" as "the adjustment by a court of a mortgage debt to give protection from a foreclosure action." "Protection from foreclosure" is defined by 49-31d(4) as "a court ordered restructuring of a mortgage debt designed to eliminate an arrearage in payments on such debt and to provide a period not to exceed six months during which foreclosure is stayed." In determining the eligibility of a homeowner for protection under the act the court is obliged by 49-31f(d)(1) to consider "[t]he likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period." The act also gives certain instructions to the restructuring court. 49-31i(c) provides that "At the conclusion of the restructuring period, the new mortgage debt shall be computed based upon a composite rate of interest." That composite interest rate is required by 49-31i(a) to be applied to the "total restructured debt over the remaining term of the loan."
These statutory provisions fairly indicate that the restructuring court is obliged to, in effect, amortize "the new mortgage debt" "over the remaining term of the loan." This will doubtless, in many cases, be a hardship for the homeowner, but it replaces the more severe hardship posed by the original foreclosure action and, in any event, the court is supposed to consider "[t]he likelihood that the homeowner will be able to make timely payments on the restructured mortgage" in deciding whether to grant protection in the first place.
Because of these considerations, I conclude that the mortgage should be restructured by an increase in the monthly payments rather than by a balloon payment at the end. The parties are invited to file proposed orders with the court within ten days the date of this decision. An appropriate order shall then issue.
Dated at Waterbury this 6th day of February, 1992.
JON C. BLUE, J. Judge of the Superior Court CT Page 1418